IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIM. ACT. NO. 2:22-cr-105-RAH |
| v. | ) | [WO] |
| | ) | |
| SHALONDA FAISON | ) | |

**MEMORANDUM OPINION and ORDER**

Defendant Shalonda Faison ("Faison") was charged on April 13, 2022, in an indictment with one count of conspiracy to make false statements during the purchase of a firearm in violation of 18 U.S.C. § 371 and § 922(a)(6); two counts of making false statements during the purchase of firearms in violation of 18 U.S.C. § 922(a)(6); and two counts of transfer of firearms to a prohibited person in violation of 18 U.S.C. § 922(d)(1).  (Doc. 1.)

On June 9, 2022, Faison filed her Motion to Suppress (Doc. 34), in which she sought to suppress all evidence seized from her residence (an apartment located on Norman Bridge Road in Montgomery, Alabama) during a search on June 28, 2021; statements made after the search; and fruits of the evidence and statements. Claiming the officers did not have a warrant, probable cause, or consent to enter or search her residence, Faison contends all evidence seized and statements made, and fruits of the evidence and statements, should be suppressed because the search violated the Fourth Amendment to the United States Constitution.

The Magistrate Judge held an evidentiary hearing on the motion, during which two audio recordings of the policer officers' encounters with Faison on June 28, 2021, were introduced into evidence, and three of the officers and Faison testified. Thereafter, the Magistrate Judge recommended the Court deny the motion to suppress. (Doc. 43.) On November 17, 2022, Faison filed Objections to the Magistrate Judge's Report and Recommendation. (Doc. 44.) Upon an independent and *de novo* review of the record, including a review of the transcript, and for the reasons that follow, the Court overrules Faison's Objections and adopts the Magistrate Judge's Recommendation that Faison's Motion to Suppress be denied.

## I. STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court must review the disputed portions of the recommendation *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommendation; receive further evidence; or resubmit the matter to the magistrate judge with instructions." FED. R. CRIM. P. 59(b)(3).

*De novo* review requires the district court to independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). "Although *de novo* review does not require a new hearing of witness testimony, it does require independent consideration of

2

factual issues based on the record." *Id.* (citation omitted).  If the magistrate judge made findings based on witness testimony, the district court must review the transcript or listen to a recording of the proceeding.  *Id.*  This Court has reviewed the entire transcript of the suppression hearing, as well as the two audio recordings of the police officers' encounters with Faison on June 28, 2021.

## II.  DISCUSSION

The Magistrate Judge provided a thorough recitation of the facts in her Recommendation.  Consequently, a summary of the facts related to the motion to suppress is not necessary, as the Court adopts the Magistrate Judge's findings of fact.  Although Faison objects to some of the Magistrate Judge's findings of fact, those objections are due to be overruled, as discussed further below.

In her Objections, Faison asserts that the Magistrate Judge erred in concluding that Faison voluntarily consented to the officers' search of the first and second floors of her residence.  Specifically, she asserts that the Magistrate Judge erred in finding that Agent Sedberry's comment relating to Faison getting in trouble was not coercive, that Agent Sedberry's and Agent Porter's tones were pleasant and cordial throughout the encounter, and that her consent to search the second floor was voluntary.  She argues that the officers "forcefully cross-examined her" regarding Tony Calhoun's whereabouts, and that given her height and weight (5'0" and 110

3

pounds)[1] and her being unarmed, the presence of six officers displaying holstered firearms was unduly coercive. She also argues Agent Sedberry's statement "We don't want you to get in trouble for keeping him [Calhoun] hiding in there if he is in there" was intimidating and coercive. Additionally, she contends that, because the initial consent to enter the residence and search the first floor was not voluntary, the subsequent consent to search the second floor also was not voluntary. She thus argues that she did not freely and voluntarily consent to the officers' search of her residence.

"The Fourth Amendment guarantees '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'" *Whren v. United States*, 517 U.S. 806, 809 (1996) (alteration in original). "A warrantless entry into a suspect's home to search the premises is presumed to be unreasonable." *United States v. Ramirez-Chilel*, 289 F.3d 744, 751 (11th Cir. 2002). However, a well-settled exception to this rule is an entry or search conducted "pursuant to consent." *See Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973).

"Whether a suspect voluntarily gave consent to a search is a question of fact to be determined by the totality of the circumstances." *United States v. Blake*, 888 F.2d 795, 798 (11th Cir. 1989). "In order for consent to a search to be deemed

---

[1] Although the Objections state that she is 5'2" tall and weighs 120 pounds, Faison testified at the suppression hearing that she is "[f]ive [foot] even" and weighs 110 pounds. (Doc. 42 at 129.)

4

voluntary, it must be the product of an essentially free and unconstrained choice." *United States v. Garcia*, 890 F.2d 355, 360 (11th Cir. 1989) (citation omitted). "The government bears the burden of proving both the existence of consent and that the consent was not a function of acquiescence to a claim of lawful authority but rather was given freely and voluntarily." *Blake*, 888 F.2d at 798. "In evaluating the totality of the circumstances underlying consent," courts assess several factors, "including the presence of coercive police procedures, the extent of the defendant's cooperation with the officer[s], the defendant's awareness of [her] right to refuse consent, the defendant's education and intelligence, and the defendant's belief that no incriminating evidence will be found." *United States v. Purcell*, 236 F.3d 1274, 1281 (11th Cir. 2001).

This Court agrees with the Magistrate Judge's thorough and well-reasoned explanation that Faison freely and voluntarily consented to the search of her residence. Faison's Objections focus on one factor in the totality of the circumstances analysis—coercion—but the Court agrees with the Magistrate Judge that the evidence does not support a finding of coercion. First, the audio recordings of Faison's encounters with the officers confirm the Magistrate Judge's finding that Agent Porter's and Agent Sedberry's tones were cordial and pleasant throughout the encounter. And during her testimony, Faison agreed that the officers were cordial.

Moreover, the Court agrees with the Magistrate Judge that Faison was cooperative throughout both encounters. Although the officers asked Faison numerous questions about Calhoun's whereabouts and how they might get in touch with him, the officers did not raise their voices, nor did they use threatening or abusive language. And while the officers had holstered firearms, no officer ever drew a weapon. Considered together, this evidence does not support a finding of coercion

Although Faison testified that she was nervous while the officers were at her door, she said she was not nervous or scared because of anything the officers did but because she thought she would get in trouble for the marijuana and guns inside. (Doc. 42 at 151.) She also testified that the officers did not do anything specific to make her nervous and it was their mere existence as police officers that made her nervous. (*Id.* at 154–55.) Given the circumstances, the presence of six police officers with holstered firearms does not support a finding of coercion with respect to the initial entry and search of the first floor, nor does the presence of four police officers with holstered firearms support a finding of coercion with respect to the search of the second floor. *See Garcia*, 890 F.2d at 362 (concluding that the defendant gave voluntary consent to search his residence where the defendant was arrested with 14 agents present and was handcuffed). That Faison is 5'0" tall and weighs 110 pounds does not change this conclusion.

6

Faison also claims that Agent Sedberry's statement "We don't want you to get in trouble for keeping him hiding in there if he is in there" was intimidating and coercive, but this Court disagrees. Under the circumstances, this isolated statement, delivered in a matter-of-fact tone of voice, falls short of coercion or duress under Eleventh Circuit precedent. *See, e.g.*, *United States v. Long*, 866 F.2d 402, 404–05 (11th Cir. 1989) (no coercion where officers requested the defendant's consent to search for counterfeit money they suspected was buried by a tree outside the defendant's house and officers told the defendant that if he refused, they would return and "dig the place up"); *United States v. Espinosa-Orlando*, 704 F.2d 507, 510, 513 (11th Cir. 1983) (holding that the defendant voluntarily consented to a search where four officers drew their weapons during a traffic stop, conducted a pat-down search of the defendant, and told the defendant to lie down on the ground near the roadway, and the defendant consented to a search of his car and suitcase while one officer still had his gun drawn). Thus, the Court rejects Faison's argument that the Magistrate Judge erred in concluding that Agent Sedberry's statement was not coercive.

Considering the totality of the circumstances, this Court agrees with the Magistrate Judge's determination that Faison voluntarily consented to the search of her residence. Accordingly, Faison's Objections are due to be overruled, the

Magistrate Judge's Report and Recommendation is due to be adopted, and Faison's Motion to Suppress is due to be denied.

### III.  CONCLUSION

Accordingly, it is ORDERED as follows:

1. Faison's Objections (Doc. 44) are OVERRULED;

2. The Report and Recommendation of the Magistrate Judge (Doc. 43) is ADOPTED;

3. The Motion to Suppress (Doc. 34) is DENIED.

DONE, on this the 12th day of December, 2022.

                                            /s/ R. Austin Huffaker, Jr.
                                        R. AUSTIN HUFFAKER, JR.
                                        UNITED STATES DISTRICT JUDGE